UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**SYED AHMAD,**

    Plaintiff,                                                               Case No.:
                                                                          Hon.:

***-vs-***                                                                          Mag.:

**WALMART, INC.**,

    Defendant.

_____/

THE SHARP FIRM, PLLC
Attorney for Plaintiff
BY:   Heidi T. Sharp (P 69641)
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
heidi@sharpfirmlaw.com

_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Syed Ahmed ("PLAINTIFF"), through his attorneys at THE SHARP FIRM, PLLC, states the following in support of his Complaint against Defendant:

1. This is an action alleging national origin and age discrimination at the Defendant.

2. Plaintiff is a resident of Oakland County, Michigan.

3. Defendant does business in Macomb County, Michigan and throughout the State of Michigan.

4. The events giving rise to this action took place in Macomb County, Michigan.

5. This Court has jurisdiction under the Age Discrimination in Employment Act, 29 USC 621 et seq. ("ADEA"), the Civil Rights Act of 1964 § 7, 42 U.S.C. § 2000e et seq (1964), and pendant jurisdiction over the state law claims under 28 USC 1367(a).

6. Venue and Jurisdiction are otherwise proper in this Court.

## GENERAL ALLEGATIONS

7. Plaintiff began his employment with Defendant as an assistant store manager in April 2012.

8. Plaintiff was a skilled and highly dedicated employee who was regularly praised for his work and given opportunities for advancement.

9. Plaintiff's job evaluations improved from "development needed" in 2013 and 2014 to "solid performer" in each year from 2015-2019 and "top performer" in 2020. In these evaluations, Defendant noted Plaintiff's "great improvements" and "willingness to learn" as well as deeming him "very dependable," a "strong leader" and a "trustworthy and honest servant leader". Plaintiff was never written up by management between 2012 and 2020.

10. In October of 2020, Plaintiff was transferred to the Roseville store in a new position as digital assistant store manager in charge of online orders. Plaintiff

was recommended for this position by his then market manager, who had faith that Plaintiff could improve a store she deemed "totally broken" even though he had no digital experience.

12. Several managers told Plaintiff he would receive complete training for the new role, but it was never provided. Nevertheless, he continued his diligent service to Defendant and set about improving a struggling store.

13. At the Roseville location, Plaintiff worked with store lead Joe Dickinson ("Joe"), who is African American and in his 30's, and digital operations lead Jessica Peace ("Peace"), who is Caucasian.

14. Dickinson made repeated negative comments about Plaintiff's age, 56, such as "Looks like your age is catching up to you." Dickinson also blamed Plaintiff for his own deficient performance and became visibly angry when Plaintiff suggested how Dickinson could improve.

15. Peace repeatedly told Plaintiff that Roseville was a "black and white store and you're not white or black," implying that Plaintiff, who is of Pakistani descent and identities as a person of South Asian origin, did not belong there. She also told him on several occasions "you need to step down." The other managers at the Roseville store were Caucasian or African American.

16. In January of 2021, after leaving the store to take down the license number of a suspected shoplifter, a manager spoke to Plaintiff in a casual manner

3

and told him to take more online training regarding suspected shoplifters. This incident was not officially written up until months later, when Dickinson and Peace made an incident report and provided written discipline to Plaintiff for the same incident which he was told he would not be disciplined.

17. In the early months of 2021, the vast majority of managers at the Roseville store, as well as numerous store associates, took Covid-19 leave. Plaintiff and the overnight manager were routinely the only managers on duty, and Plaintiff frequently took on management tasks in other departments throughout the store without complaint.

18. In the last week of July of 2021, Dickinson and Peace told Plaintiff that he would be held accountable for the department not meeting company goals in metrics. Yet, Plaintiff's department had been meeting his metric goals and excelling despite many challenges including lack of staff, store shelves not being stocked and additional concerns throughout the ongoing Covid-19 pandemic.

19. A few days later, the store manager informed Plaintiff that his position would be demoted to "digital coach" and that she did not think that he would be with Walmart any more due to department metrics. Store manager Monika Miller suggested that Plaintiff take a demotion or transfer to another store, but he refused. A few days after this refusal, Plaintiff was told verbally that he had received a negative performance manager evaluation.

4

20.     Defendant terminated Plaintiff's employment on August 5, 2021 for "inability to perform job". Monika Miller told Plaintiff that his digital metrics were not up to expectations. However, Defendant's own records show that the store and the digital metrics improved under Plaintiff's leadership. When Plaintiff started as digital assistant store manager, the Roseville store's metrics were among the lowest in the country. Plaintiff's leadership improved the order pick rate, wait times, and associate hiring. He made these improvements despite Covid-19 infections among staff, construction on the street in front of the store, and a tight labor market.

21.     Plaintiff was the only assistant manager who was disciplined or terminated at the Roseville store during the relevant time, despite other employees' inferior performance.

22.     Plaintiff was denied a pay raise that several of Defendant's managers told him he would receive after a few weeks on the job. Plaintiff questioned the corporate office about the pay raise and was informed several weeks later that he did not qualify for it. At around this same time, Defendant began taking disciplinary action against Plaintiff.

23.     Other Walmart managers with worse metrics who were not the same age as Plaintiff or of Pakistani descent were not terminated. For example, before Plaintiff came to the Roseville store, metrics were on a downward trend under the

leadership of digital manager Maggie Wheeler, who is Caucasian. Ms. Wheeler is still working at the Roseville store.

24. After Plaintiff was transferred to the Roseville store, the Defendant harassed Plaintiff and otherwise discriminated against Plaintiff in the material terms and conditions of his employment because of his age and national origin.

25. On August 5, 2021, Defendant fired Plaintiff because of his age and national origin.

26. Following his termination, Plaintiff filed a timely Charge of Discrimination and Retaliation with the Equal Employment Opportunity Commission ("EEOC").

27. Plaintiff timely files his claims within 90 days of the receipt of his Notice of Right to Sue Letter. Plaintiff received a Notice of Right to Sue from the EEOC dated May 5, 2022.

**COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

28. Plaintiff incorporates the preceding paragraphs by reference.

29. At all material times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of the ADEA.

30. Plaintiff was qualified for his position with Defendant.

31. Plaintiff was fifty-six years old at the time he was terminated.

32. Defendant's actions were intentional in disregard for Plaintiff's rights.

33. The reasons given for Plaintiff's termination were inaccurate, untrue, or otherwise in violation of his statutory rights. They were manufactured as a pretext to cover up the employer's intent to discriminate against Plaintiff because of his age.

34. As a direct result of Defendant's discrimination, Plaintiff suffered lost wages, lost benefits, loss of future wages, emotional distress, and loss of employment opportunities.

## COUNT II
## VIOLATIONS OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT – NATIONAL ORIGIN DISCRIMINATION

35. Plaintiff re-asserts all prior paragraphs.

36. Plaintiff was an employee defined by the Elliott-Larsen Civil Rights Act.

37. Defendant was employer as defined by the Elliott-Larsen Civil Rights Act.

38. As described herein, Defendant harassed, discriminated against, fired Plaintiff because of his national origin.

39. Plaintiff was harmed by Defendant illegal actions.

## COUNT III
## VIOLATIONS OF TITLE VII – NATIONAL ORIGIN DISCRIMINATION

40. Plaintiff re-asserts all prior paragraphs.

41. Plaintiff was an employee defined by Title VII.

42. Defendant was Employer as defined by the Act.

43. As described herein, Defendant harassed, discriminated against, and fired Plaintiff because of his national origin.

44. Plaintiff was harmed by Defendant's illegal actions.

## COUNT IV
## NATIONAL ORIGIN/ETHNICITY DISCRIMINATION IN VIOLATION OF 42 USC 1981

45. Plaintiff re-asserts all prior paragraphs.

46. Plaintiff was an employee and Defendant was an employer, covered by and within the meaning of 42 USC 1981.

47. Defendant was an Employer as defined by the Act.

48. As described herein, Defendant discriminated against, and fired Plaintiff because of his national origin/ethnicity.

49. Defendant was predisposed to discriminate against Plaintiff on the basis of his national origin/ethnicity and acted in accordance with that predisposition.

50. The discriminatory practices at issue were intentional and willful, and engaged in with malice or with reckless indifference to the rights and sensibilities of Plaintiff.

51. Plaintiff was harmed by Defendant's illegal actions.

## COUNT V
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

52. Plaintiff incorporates the preceding paragraphs by reference.

53. Plaintiff's age was a factor in Defendant's decision to adversely act against his interests as an employee by terminating him.

54. Plaintiff was able to fulfill all the requirements of his position at the time of separation.

55. Defendant's actions were intentional and done with reckless indifference to Plaintiff's rights and sensibilities.

56. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has sustained injuries and damages, including but not limited to loss of earnings, loss of career opportunities, mental and emotional distress, loss of reputation and esteem in the community, and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

WHEREFORE, Plaintiff requests a judgment that is fair, just and in accordance with the facts produced in Court, to compensate Plaintiff for his lost wages, front pay, loss of benefits, bonuses, emotional distress, compensatory damages exclusive of costs, interest, and attorney fees. Plaintiff requests an award of non-economic damages for emotional distress in accordance with the law.

Plaintiff also requests an award of exemplary damages, punitive damages and attorney fees.

Dated: August 2, 2022               Respectfully Submitted

                                    THE SHARP FIRM, PLLC

                                    /s/ *Heidi T. Sharp*
                                    By:  Heidi T. Sharp (P69641)
                                    Attorneys for Plaintiff
                                    43260 Garfield, Suite 280
                                    Clinton Township, MI 48038
                                    (586) 226-2627
                                    heidi@sharpfirmlaw.com


## **JURY DEMAND**

Plaintiff requests a jury trial in the above-captioned matter.

Dated: August 2, 2022               Respectfully Submitted

                                    THE SHARP FIRM, PLLC

                                    /s/ *Heidi T. Sharp*
                                    By:  Heidi T. Sharp (P69641)
                                    Attorneys for Plaintiff
                                    43260 Garfield, Suite 280
                                    Clinton Township, MI 48038
                                    (586) 226-2627
                                    heidi@sharpfirmlaw.com